## Tripp v. Pulver.

*Action — form of — when maintainable for conversion — Amendment — when allowed at trial — when on appeal — Evidence.*

Plaintiff, who owned a horse, was asked by defendant's agent the price of the horse, and he said $140. After some negotiation the horse was purchased and delivered to defendant's agent, and $40 paid plaintiff. After delivery plaintiff demanded the balance, $100, of defendant, who then claimed that the price agreed upon was $40. Plaintiff then tendered defendant the $40 received, and demanded back the horse. *Held,* that plaintiff was entitled to bring action for the conversion of the horse.

A demand was not alleged in the complaint, but was proved on the trial. *Held,* that no surprise being shown, the court could, at trial, allow an amendment to conform to the proof, and if not then made, the court, on appeal, could allow it. *Held,* also, that it was not error to allow proof of the demand.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury.

The action was brought in Onondaga county by Daniel Tripp against German W. Pulver to recover for the alleged wrongful conversion of a horse. The necessary facts fully appear in the opinion.

*Isaac D. Garfield,* for appellant. Trover cannot be maintained in this case. *Chapman* v. *Lathrop,* 6 Cow. 110; 2 Kent's Com. (10th ed.) 693; *Smith* v. *Lynes,* 3 Sandf. 203, 208; *Lupin* v. *Marie,* 6 Wend. 77; *Furniss* v. *Hone,* 8 id. 247, 266; *People* v. *Haynes,* 14 id. 546; *Hussey* v. *Thornton,* 4 Mass. 405; *Carleton* v. *Sumner,* 4 Pick. 516; *Cross* v. *Peters,* 1 Greenl. 376; *Conyers* v. *Ennis,* 2 Mason, 236; *Rowley* v. *Bigelow,* 12 Pick. 307. The demand not being alleged could not be proved. *Bristol* v. *Rens. & S. R. R. Co.,* 9 Barb. 158; *Allen* v. *Patterson,* 7 N. Y. 476, 478; *Van De Sande* v. *Hall,* 13 How. 458, 460.

*Wm. C. Ruger,* for respondent.

MULLIN, P. J. The plaintiff brings this action to recover the value of a horse which it is alleged the defendant converted to his own use. The plaintiff was examined as a witness in his own behalf and testified that in March, 1873, he drove his horse into Syracuse with a load of hay, and while standing with his load in the hay market he was applied to by one Poutry to know whether he would sell one of the horses. Poutry had been requested by defendant to find him a horse to use on his farm, and Poutry made the inquiry on behalf of defendant. The plaintiff told him the price was $140, and after some negotiation the horse was purchased and delivered to defendant's agent. The defendant paid him $40 toward the price, and after the delivery plaintiff called for the balance of the price and was told that the price was $40, and that sum had been paid. He then tendered back the amount received and demanded the horse, and the demand not being complied with he brought this action.

On the part of the defendant evidence was given t nding to prove that the price demanded and agreed to be paid for the horse was $40, and that it was in fact worth no more than that sum. The jury found a verdict for the plaintiff for $147.75, and judgment was entered for that sum and from it the defendant appeals.

The principal ground relied upon for a reversal of the judgment

is that the horse having been delivered without exacting payment of the whole purchase-money the only remedy of the plaintiff was an action for the balance of the price. I cannot agree with the counsel that the rule of law thus put forward applies to the case before us. There is no doubt that where a contract of sale and purchase is made, and the property is absolutely delivered without demanding the price, the sale is completed; the title passes and the remedy of the seller is an action for the price. But in this case, if the plaintiff is believed, and the jury has believed him, there never was an agreement to sell, the minds of the parties never met as to price, and a delivery under such circumstances did not divest the plaintiff's title. But had there been a meeting of minds, and the defendant allowed to have possession for a short time without an intention to deliver absolutely, the plaintiff might, on refusal of the purchaser to pay the price, return what had been paid and recover his horse. *Morgan* v. *Gregg*, 46 Barb. 183. It cannot be seriously claimed that the plaintiff intended to part with the title to the horse until he was paid what he understood was the price to be paid therefor.

It is further insisted that the action is trover, and that it will not lie under the proof in this case without a demand and refusal being alleged in the complaint and proved. Such is doubtless the rule where the defendant comes lawfully into possession of the property alleged to be converted as the defendant did in this case. A demand was proved on the trial, but it was not alleged in the complaint. It was competent for the court to allow an amendment of the complaint at the trial, the defendant not showing that he was taken by surprise, and although an amendment was not actually made it is our duty to allow it now to be made. It was not error to allow the proof of the demand. We must assume, in support of the judgment, that the offer to return was not made until after suit brought. If the defendant wished to avoid this assumption he should have made it clear on the trial that the offer was made before.

The judgment must be affirmed.

*Judgment affirmed.*